EDWARD J. REILLY, Plaintiff, *v.* ANNA SCHOEFFLER HAUPTMANN, Defendant.

Supreme Court, Kings County, June 3, 1935.

*Reilly & Edelbaum,* for the plaintiff.
*Charles A. Oberwager,* for the defendant.

Lockwood, J. This is an action by the plaintiff, an attorney, against the defendant for legal services rendered in defending the defendant's husband in New Jersey upon an indictment for murder and for disbursements incurred.

The complaint alleges that after the husband's conviction "a public appeal was made by this defendant for funds" and that funds were collected. It is further alleged that the plaintiff, other counsel, and the defendant agreed, presumably among themselves, that all moneys received were to be used to pay the expenses and fees of attorneys "and to pay such expenses as may arise upon the appeal from the conviction of murder in the first degree."

In paragraph ninth of the complaint it is alleged: "That it was agreed that the defendant act as Trustee of said fund." That allegation constitutes a mere conclusion of law and not a statement of fact. In plaintiff's affidavits he claims that one Fisher is the trustee of the fund. Plaintiff also brought a proceeding against the fund in New Jersey.

It is asserted that the defendant is dissipating the funds collected from the public.

The application is for the appointment of a receiver of the moneys so collected. It is difficult to conceive upon what theory a receiver can be appointed. The persons furnishing the money were the public. They created no express trust. If one be implied in law, its conditions could be prescribed by the donors only. Assuming that from the complaint may be spelled the allegation that the defendant agreed with the plaintiff and other attorneys to hold what she received in trust for the purposes alleged in the complaint, that agreement would be a nude pact as to past services, which is the sole basis of plaintiff's claim. Presumably the money was collected for the purpose of enabling the defendant's husband to prosecute his appeal and for future services of attorneys and future expenses. The amount collected does not appear, but had she applied the same in payment of plaintiff's bill for services, that would have been contrary to the very purpose of the donations. It does not appear anywhere that a sum has been collected in excess of what may be necessary to pay the services and expenses of the appeal now pending. The defendant's liability to the plaintiff is an issue in this action which is undetermined. Even if the plaintiff recovers a judgment against the defendant and the same is returned unsatisfied, and a receiver is appointed, it is doubtful whether the funds collected from the public for future use could be applied in satisfaction of that judgment.

Motion denied. Submit order.